IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN DE CAMBRA, #A04002093, | ) | CIV. NO. 14-00228 SOM/RLP |
| | ) | |
| Petitioner/Plaintiff, | ) | ORDER OF REMAND |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent/Defendant. | ) | |
| _____ | ) | |

**ORDER OF REMAND**

On May 15, 2014, Defendant State of Hawaii removed this action from the Circuit Court of the First Circuit, State of Hawaii ("state circuit court"), asserting federal question jurisdiction pursuant to 28 U.S. §§ 1331, 1441(a). *See* Notice of Removal, Doc. No. 1. For the following reasons, the court REMANDS this action to the state circuit court for lack of subject matter jurisdiction.

**I.   BACKGROUND**

On or about March 16, 2014, Plaintiff/Respondent John De Cambra, who was then incarcerated at the Saguaro Correctional Center ("SCC") in Eloy, Arizona,[1] signed a document for filing in the state circuit court. Doc. No. 1-1. The court clerk

---

[1] On May 19, 2014, Plaintiff notified the court that he has been transferred to the Halawa Correctional Facility. *See* Doc. No. 8.

originally docketed this pleading as a special prisoner proceeding under Rule 40(2)(3) of the Hawaii Rules of Penal Procedure ("HRPP"), S.P.P. No. 14-1-0010. *See* Compl., Doc. No. 1-1. In this document, Plaintiff verified his claims under penalty of perjury pursuant to 28 U.S.C. § 1746 and alleged that he is "one of many Undersigned Petitioners-Plaintiffs in 'PETITION TO CHANGE AND CORRECT THE CONDITIONS OF CONFINEMENT OF A.D. SEG. AT SCC.'" *Id.* Plaintiff claimed that he was "amongst numerous Hawai`i Prisoners that are victims of CCA-Saguaro Correctional Centers (SCC) unconstitutional Administrative Segregations ('Ad. Seg.') Conditions of Confinement." *Id.*

On April 16, 2014, the state circuit court determined that Plaintiff was not challenging his conviction or sentence under HRPP 40, but rather was challenging the conditions of his confinement at SCC. Order, Doc. No. 1-2. The state circuit court therefore directed the court clerk to process Plaintiff's documents as a civil proceeding under Civ. No. 14-1-0941-04 KTN, and to serve Defendant State of Hawaii. *Id.*

On or about May 9, 2014, Plaintiff and eighteen other SCC inmates submitted the referenced "Petition To Change And Correct The Conditions of Confinement of Administrative Segregation at CCA-Saguaro Correctional Center." Pet., Doc. No. 7-7. This petition details the abuses Plaintiff and the other

inmates allegedly have suffered while incarcerated in the SCC Administrative Segregation Unit. Plaintiff also submitted a "Conditions of Confinement Comparison," comparing conditions in SCC's Administrative Segregation Unit with conditions in SCC's general population. Doc. No. 7-8.

On May 15, 2014, Defendant removed Plaintiff's initiating state circuit court documents to this court. *See* Doc. Nos. 1-1, 1-2, 1-3, 1-4. On May 20, 2014, Defendant moved to stay all proceedings in this action until the court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a). Doc. No. 5. The court granted Defendants' motion on May 21, 2014. Doc. No. 6. On May 21, 2014, the state circuit court transmitted all documents from state circuit court proceeding Civ. No. 14-1-0941-04 KTN to this court. *See* Doc. Nos. 7, 7-1 to 7-15. On May 29, 2014, Plaintiff filed a change of address, indicating that he is now incarcerated in Hawaii. Doc. No. 8.

## II.  **REMOVAL JURISDICTION**

The removal statute is strictly construed against removal, and the party seeking removal bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Removal is only proper when the district court has original jurisdiction; that is, the removed claims must "aris[e]

3

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Additionally, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

While a plaintiff may defeat removal by choosing not to plead any federal claims, *id.* at 399, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 981 (9th Cir. 1997) (stating that a plaintiff "may not avoid federal jurisdiction by omitting from his complaint federal law essential to . . . his claim or by casting in state law terms a claim that can be made only under federal law"). Conversely, a state law claim is not

transformed into a federal cause of action merely because a complaint references federal law. *Easton*, 114 F.3d at 981.

### III. DISCUSSION

First, Plaintiff does not assert that his challenge to the conditions of confinement at SCC arises under the United States Constitution, laws, or treaties of the United States. He does not cite to the United States Constitution or to federal law anywhere in his pleadings or supplemental documents. Rather, Plaintiff broadly alleges that the conditions of confinement at SCC are "unconstitutional," he names only the State of Hawaii as Defendant/Respondent, and he filed this action in the Hawaii state circuit court. These details suggest that Plaintiff refers to the Hawaii State Constitution as the source he invokes to vindicate his rights, rather than to the United States Constitution.

Second, Plaintiff's constitutional claims are not created exclusively under the United States Constitution or federal law, nor are they preempted by federal law, because rights created under the Hawaii Constitution are complementary to, and may be more protective than, those granted under the federal constitution. *Cf. State v. Aplaca*, 74 Haw. 54, 67, 837 P.2d 1298, 1305 n.2 (1992) (explaining that Hawaii defendants are "clearly afforded greater protection of their right to effective

5

assistance of counsel" under the Hawaii Constitution than under the United States Constitution as enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)). There is, therefore, no reason that Plaintiff cannot tailor his Complaint to allege only state constitutional claims.

Third, Plaintiff is master of his own complaint; he may choose where to file it and whether to forgo a federal cause of action. While he refers to 28 U.S.C. § 1746 in attesting to the veracity of his declaration, this simple reference to the federal statute regarding the proper form for unsworn declarations does not transform his claims into federal causes of action. *See Easton*, 114 F.3d at 981. Plaintiff has neither pled any federal claims nor failed to plead necessary federal questions.

Finally, Plaintiff is proceeding *pro se*, and his filings must be afforded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). And, with a pro se litigant, the court "affords [Plaintiff] the benefit of any doubt." *Hebbe*, 627 F.3d at 342. The court may not, however, "supply essential elements of [a] claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court should review a complaint as it is pled and not

"infer in one cause of action when a complaint clearly states a claim under a different cause of action." *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999). As noted, Plaintiff is "master to decide what law he will rely upon," and it is clear that he intended to file this suit in the Hawaii state court under Hawaii state law. *Id.* This court will not read a federal cause of action into a document when none is apparent on the face of the document.

Federal question jurisdiction is presumed to be absent unless the party seeking removal shows that the plaintiff has either alleged: (1) a federal claim, (2) a state cause of action that requires resolution of a substantial issue of federal law, or (3) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field. *See Homesales, Inc. v. Frierson*, 2009 WL 365663 (C.D. Cal. Feb. 11, 2009) (citations omitted). Defendant's documents fail to show that removal is proper. Based on its review of the Complaint, this court determines *sua sponte* that it lacks subject matter jurisdiction over Plaintiff's claims and that the case should be remanded. *See* 28 U.S.C. § 1447(c); *see also Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179 (9th Cir. 2013) ("[I]t is well established that district courts may address questions of subject matter jurisdiction *sua sponte*.") (citation omitted). If

7

Plaintiff later attempts to assert federal claims, Defendants may again remove this action to the federal court. See 28 U.S.C. § 1446(b)(3).

## IV. **CONCLUSION**

This action is REMANDED to the Circuit Court of the First Circuit, State of Hawaii. The Clerk of Court is DIRECTED to send a certified copy of the present Order and any pending motions to the state court, and to terminate this federal case and close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2014.



　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　Chief United States District Judge

*De Cambra v. State of Hawaii,* 1:14-cv-00228 SOM/RLP; psa/remand 2014; J:\Denise's Draft Orders\SOM\DeCambra 14-228 som (rmd).wpd